IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICKI BAKER,                              :

    Plaintiff,                        :
                                                Case No. 3:05cv367

  vs.                               :
                                    JUDGE WALTER HERBERT RICE

TRANSPORTATION AND SECURITY           :
ADMINISTRATION (TSA), et al.,

    Defendants.                       :

---

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN
PART DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS AND TO
STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES (DOC. #18)
AND SUSTAINING PLAINTIFF'S MOTION FOR LEAVE TO FILE
RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
INSTANTER (DOC. #33); CONFERENCE CALL SET

---

Plaintiff Vicki Baker filed an Amended Complaint bringing fifteen claims that arose primarily out of alleged discriminatory employment actions taken by the ten named Defendants, to wit: the Transportation and Security Administration (TSA), the United States, and eight individually named TSA supervisors. Doc. #6. Subsequently, the Defendants filed a Motion requesting the following: (1) to substitute certain Defendants; (2) to dismiss certain claims; and (3) to strike the Plaintiff's claim for punitive damages. Doc. #18. By notation order dated August 8, 2008, the Court sustained the first part of the Motion, pertaining to the substitution of party defendants, thus making the United States the only Defendant for the Plaintiff's tort claims and the head of the TSA, Edmund S. Hawley, the only

Defendant for the employment discrimination claims.  Presently, the Court will address the remaining parts of the Defendants' Motion, as well as a pending Motion for Leave to File Response Instanter, filed by the Plaintiff. Doc. #33.

I.  Motion to Dismiss (Doc. #18)

At the outset, the Court notes that the Plaintiff has voluntarily agreed to dismiss Counts 8 and 14 of her Amended Complaint, and has also agreed to dismiss any constitutional components of Counts 7, 13 and 15. Doc. #27 at 2, 5-7.  As to the remaining claims, the Defendants have filed a Motion to Dismiss, under Federal Rules of Civil Procedure 12(b)(1),[1] asking the Court to dismiss the following claims, for lack of subject matter jurisdiction:

- for sovereign immunity:

  - Count 7 (common law and/or public policy unlawful retaliation)

  - Count 13 (procedural due process, to the extent such claim is premised on something other than the Constitution)

  - Count 15 (substantive due process, to the extent such claim is premised on something other than the Constitution)

- for failure to exhaust:

  - Count 5 (breach of contract)

  - Count 6 (promissory estoppel)

  - Count 9 (intentional/negligent infliction of emotional distress)

---

[1]The Defendants also moved to dismiss Count 8 (defamation), under Federal Rule of Procedure 12(b)(6), but the Plaintiff has now voluntarily dismissed this claim. Doc. #18 at 12; Doc. #27 at 2.

2

- Count 10 (failure to properly supervise and administer)

- Count 11 (state law wrongful and/or unlawful retaliation and/or discipline and/or discharge)

- Count 12 (civil conspiracy)

- <u>because employment relationship was established by appointment, not contract</u>:

  - Count 5 (breach of contract)

Doc. #18. The Court will begin its analysis with a review of the standard for deciding motions to dismiss and then look at each of the Defendants' challenges to the Court's jurisdiction, to the extent necessary.

    A.    <u>Standard for Motion to Dismiss under Rule 12(b)(1)[2]</u>

This Court has previously recognized that the procedural framework for ruling on a motion to dismiss, brought under Federal Rule of Civil Procedure

---

[2]In certain situations, the requirement to exhaust administrative remedies operates more in the nature of a statute of limitations (making a motion for summary judgment the appropriate vehicle to challenge such), as opposed to a jurisdictional prerequisite. See <u>Zipes v. Trans World Airlines</u>, 455 U.S. 385, 102 S. Ct. 1127 (1982) (indicating that timely filing requirement of Title VII is in nature of statue of limitation, since it is subject to waiver, estoppel, and equitable tolling); <u>Puckett v. Tennessee Eastman Co.</u>, 889 F.2d 1481, 1486 (6th Cir. 1989) ("It is now established that the precondition of filing charges with the EEOC within the statutory time limit is not a jurisdictional prerequisite."). As to the exhaustion requirements of the FTCA, however, courts have generally analyzed those as jurisdictional prerequisites, under Rule 12(b)(1). E.g., <u>Joelson v. United States</u>, 86 F.3d 1413, 1422 (6th Cir. 1996) ("Because Joelson does not allege that he has filed an administrative claim, he has not satisfied the jurisdictional prerequisite to obtaining judicial review under the Federal Tort Claims Act, and the district court properly dismissed this claim."). For a thorough discussion of this point, see Judge Anderson's opinion in <u>Bey v. Fed. Bureau of Prisons</u>, 2008 U.S. Dist. LEXIS 72111, **2-7 (W.D. Tenn. Sept. 22, 2008).

3

12(b)(1), is as follows:

> Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss. On the other hand, when a court reviews a complaint under a factual attack, . . . no presumptive truthfulness applies to the factual allegations. Such a factual attack on subject matter jurisdiction commonly has been referred to as a "speaking motion."

McGuire v. Ameritech Servs., 253 F. Supp. 2d 988, 993-94 (S.D. Ohio 2003) (quoting Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)); Fed. R. Civ. P. 12(b)(1). In this case, the Defendants bring a facial attack on the Court's subject matter jurisdiction, as alleged in the Plaintiff's Amended Complaint. See Doc. #18. Thus, the Court will presume the truth of the facts as alleged. As to the burden of proof in a 12(b)(1) challenge, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." Davis v. United States, 499 F.3d 590, 594 (6th Cir. 2007) (quoting Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990)).

B. Federal Tort Claims Act

"To bring a tort action against the United States, the plaintiff must establish that the United States has waived its sovereign immunity." Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir. 1991) (citing United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767 (1941)). Although the United States has consented to be sued in tort under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, "[a] prerequisite to suit under the FTCA, however, is the exhaustion by the plaintiff

4

of administrative remedies." Id. (citing 28 U.S.C. § 2675(a)). Thus, in order to survive the motion to dismiss, in the present case, the Plaintiff must demonstrate both that the United States has waived its sovereign immunity, as to each of her claims, and that she exhausted any mandated administrative remedies prior to filing the instant litigation.

1. <u>Waiver of Sovereign Immunity</u>

The Supreme Court instructs that "'[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text' and 'will be strictly construed, in terms of its scope, in favor of the sovereign.'" <u>Gomez-Perez v. Potter</u>, 128 S. Ct. 1931, 1942-43 (2008) (quoting <u>Lane v. Peña</u>, 518 U.S. 187, 192, 116 S. Ct. 2092 (1996)). In the present case, the Defendants assert that the United States has not waived its sovereign immunity for "claims arising out of the Constitution" and, thus, the following claims must be dismissed: common law and/or public policy unlawful retaliation (Count 7), violation of procedural due process rights (Count 13) and violation of substantive due process rights (Count 15). The Plaintiff responds by initially agreeing to dismiss the parts of these claims based on the Constitution and then arguing that the Defendants have presented no argument, as to the parts of the claims that remain. The Court agrees with the Plaintiff, on this point. Because the Defendants have limited their challenge to the constitutional aspects of Counts 7, 13 and 15 and because the Plaintiff has agreed to dismiss those parts of the subject claims, the Court OVERRULES the Defendants' Motion to Dismiss, as it pertains to any portion of Counts 7, 13 and 15 that are not based on the Constitution.

### 2. Failure to Exhaust

The Defendants next challenge the Plaintiff's claims for breach of contract (Count 5), promissory estoppel (Count 6), intentional/negligent infliction of emotional distress (Count 9), failure to properly supervise and administer (Count 10), state law wrongful and/or unlawful retaliation and/or discipline and/or discharge (Count 11) and civil conspiracy (Count 12), arguing that the Plaintiff did not exhaust prescribed administrative remedies before bringing suit.

As to the question of exhaustion, the applicable provision of the FTCA reads as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, <u>unless the claimant shall have first presented the claim to the appropriate Federal agency</u> and his claim shall have been finally denied by the agency . . . .

28 U.S.C. § 2675(a) (emphasis added). Thus, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." <u>McNeil v. United States</u>, 508 U.S. 106, 113, 113 S. Ct. 1980 (1993).

The Sixth Circuit instructs that in order for a claimant to properly present a claim, under the FTCA, she must "1) give written notice of a claim sufficient to enable the agency to investigate the claim and 2) place a value (or 'sum certain') on the claim." <u>Glarner v. United States</u>, 30 F.3d 697, 700 (6th Cir. 1994) (citations omitted). As to the appropriate agency to which to present such claims, the pertinent regulations provide that "[an FTCA] claim shall be presented to the Federal agency whose activities gave rise to the claim." 28 C.F.R. § 14.2(b)(1).

6

Further, "the purpose of 28 U.S.C. § 2675(a) is to spare the Court the burden of trying cases when the administrative agency can settle the case without litigation." Robinson v. United States Navy, 342 F. Supp. 381, 383 (E.D. Pa. 1972).

In the present case, the Defendants argue that, because the Plaintiff presented no administrative tort claims to the TSA, the subject claims must be dismissed. In response, the Plaintiff argues that she provided the required notice, in that she discussed the situation with her supervisors and presented claims to the EEOC,[3] thus apprising the Defendants of her claims. The Defendants reply by pointing out that the FTCA requires that claims be presented to the "appropriate Federal agency," which, in the case of the tort claims in question, was the TSA, rather than the EEOC.

The Court is persuaded by the Defendants' argument on this point. Although the Plaintiff avers that she presented employment discrimination claims to the EEOC, there is no indication in the Amended Complaint that she, in any fashion, presented tort claims to the TSA. Because the Plaintiff did not present the TSA a written notice of her tort claims, containing a sum certain, in order to enable it to investigate those claims, the Defendants' Motion to Dismiss (Doc. #18) is SUSTAINED, as to the following claims: breach of contract (Count 5), promissory estoppel (Count 6), intentional/negligent infliction of emotional distress (Count 9), failure to properly supervise and administer (Count 10), state law wrongful and/or unlawful retaliation and/or discipline and/or discharge (Count 11) and civil conspiracy (Count 12).

---

[3]Plaintiff also argues that she presented claims through the Merit System Review Board, but such an allegation is not contained in her Amended Complaint (and would not change the Court's decision herein even if it was). Doc. #27 at 5.

7

Given the Court's decision to sustain the Defendants' Motion to Dismiss the breach of contract claim, on exhaustion principles, the Court need not consider their alternative argument pertaining to whether the Plaintiff's employment relationship was established by appointment, rather than by contract.

II.  Motion to Strike Demand for Punitive Damages (Doc. #18)

The Defendants also move to strike the Plaintiff's demand for punitive damages, pursuant to Federal Rule of Civil Procedure 12(f). That rule provides that, on motion by a party, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). "A court may utilize this rule to strike a claim for damages that is improperly contained in the plaintiff's complaint." Brown v. Potter, 2005 U.S. Dist. LEXIS 36603, *14 (W.D. Mich. Aug. 30, 2005) (citing, among others, Mitchell v. Lydall, Inc., 1994 U.S. App. LEXIS 2177, **10-11 (4th Cir. Feb. 10, 1994) (striking claim for punitive damages, under Rule 12(f), since applicable statute did not provide for such damages)).

In the instant case, the Defendants argue that the Plaintiff may not recover punitive damages for her claims against the federal government or a federal agency. 28 U.S.C. § 2674 (providing that United States shall not be liable for punitive damages, under FTCA); 29 U.S.C. § 794a(a)(1) (noting that remedies available under Rehabilitation Act are same as remedies available under Title VII); 42 U.S.C. § 1981a(b)(1) (limiting recovery, for Title VII claims, to punitive damages against "other than a government, government agency or political subdivision").

The Plaintiff concedes that punitive damages are not available for her employment discrimination claims. Doc. #27 at 7. As to her other claims, however, she argues that the Supreme Court has liberalized FTCA damage law regarding punitive damages, citing Molzof v. United States, 502 U.S. 301, 112 S. Ct. 711 (1992).

The Court is not persuaded by the Plaintiff's argument. While it is true that the Molzof Court addressed the issue of punitive damages under the FTCA, its focus was on defining what constituted "punitive damages", rather than on altering the FTCA statutory dictate that punitive damages are not available against the government. Id.[4]

Because punitive damages are not available against the government for any of the claims asserted by the Plaintiff, the Defendants' Motion to Strike the Plaintiff's Claim for Punitive Damages (Doc. #18) is SUSTAINED.

III. Motion for Leave to File Response to Defendants' Motion for Summary Judgment Instanter (Doc. #33)

The Defendants filed a Motion for Summary Judgment on December 18, 2008. Doc. #32. The Plaintiff did not file a timely response to the same. On February 9, 2009, Plaintiff's counsel requested leave of Court to file a response instanter, citing a number of staff and personal misfortunes, as the reason for his tardiness. Doc. #33. In response, the Defendants argue that they will be

---

[4]The focus of the Supreme Court's decision was on what constitutes "punitive damages", with the Court determining that Section 2674 "bars the recovery only of what are legally considered 'punitive damages' under traditional common-law principles." Molzof, 502 U.S. at 312.

9

prejudiced if the Plaintiff is allowed to file her response, at this late date, in that there will not be adequate time to file their reply memorandum and for the Court to rule on the pending Motion for Summary Judgment, prior to the scheduled trial date of April 20, 2009.

While the Court appreciates the concerns expressed by the Defendants, it notes that any potential prejudice to the Defendants or the Court, by the Plaintiff's late filing, can be overcome by moving the trial date to a date that will accommodate the briefings on the Motion for Summary Judgment, as well as the Court's ruling thereon. Therefore, the Court SUSTAINS the Plaintiff's Motion for Leave to File Response to Defendants' Motion for Summary Judgment Instanter (Doc. #33), with instructions set forth below, pertaining to a conference call to discuss the trial date.

IV. Conclusion

The Court OVERRULES the Defendants' Motion to Dismiss (Doc. #18), as it pertains to the following claims: common law and/or public policy unlawful retaliation (Count 7), violation of procedural due process rights, to the extent such claim is premised on something other than the Constitution (Count 13) and violation of substantive due process rights, to the extent such claim is premised on something other than the Constitution (Count 15). The Court SUSTAINS the Defendants' Motion to Dismiss (Doc. #18), as it pertains to the following claims: breach of contract (Count 5), promissory estoppel (Count 6), intentional/negligent

infliction of emotional distress (Count 9), failure to properly supervise and administer (Count 10), state law wrongful and/or unlawful retaliation and/or discipline and/or discharge (Count 11) and civil conspiracy (Count 12).

The Court SUSTAINS the Defendants' Motion to Strike the Plaintiff's Claim for Punitive Damages (Doc. #18) and the Plaintiff's Motion for Leave to File Response to Defendants' Motion for Summary Judgment Instanter (Doc. #33).

At this stage of the litigation, the following claims remain: hostile work environment (Count 1); disability discrimination (Count 2); gender discrimination (Count 3); retaliation (Count 4); common law and/or public policy unlawful retaliation, not premised on the Constitution (Count 7); procedural due process, not premised on the Constitution (Count 13); and substantive due process, not premised on the Constitution (Count 15).

Counsel will note that the Court has scheduled a telephone conference call for 8:45 a.m., on Tuesday, March 17, 2009. During that conference call, the Court and counsel will select a mutually convenient date on which to reschedule the trial, and to establish a new briefing schedule on Defendants' Motion for

Summary Judgment, based on the remaining claims.

March 6, 2009

      /s/ Walter Herbert Rice
WALTER HERBERT RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record